UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID MERRITT FARSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LAKE STEVENS, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 22-CV-00405-LK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

　　　This matter comes before the Court on pro se Plaintiff David Merritt Farson's "Writ of Error Quae Corum Nobis Residant." Dkt. No. 36. In this filing, he reiterates several of the jurisdictional arguments raised in his Objection to Removal & Challenge to Jurisdiction, Dkt. No. 11, and Motion for Summary Decision to Remand Case Back to Snohomish Superior Court, Dkt. No. 32; *see* Dkt. No. 36 at 1–3. Mr. Farson also appears to proclaim his sovereign citizenship and, ultimately, purports to issue a ruling rescinding the Court's February 3, 2023 Order Regarding Pending Motions, remanding the case to Snohomish County Superior Court, and setting a briefing schedule "to show cause to this court why this order should be modified." Dkt. No. 36 at 3–6; *see* Dkt. No. 35 (order).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

The Court construes pages one through four of Mr. Farson's filing as a motion for reconsideration. Such motions are disfavored, and the Court will deny them "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *Santiago v. Gage*, No. 3:18-CV-05825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) ("Mere disagreement with a previous order is an insufficient basis for reconsideration[.]"). Mr. Farson's filing does not satisfy either ground for reconsideration. As noted above, it parrots his since-rejected jurisdictional arguments and assertions about sovereignty. The motion is accordingly denied.

The Court further strikes pages five and six of Mr. Farson's submission, which is a "fake order from an imagined court." *Benson v. Nevada*, No. 2:17-CV-00447-RFB-NJK, 2017 WL 4776760, at *3 (D. Nev. Oct. 23, 2017) (striking plaintiff's "attornatus privatus" submissions and noting that "it is abundantly clear that [plaintiff] is intentionally attempting to misuse the judicial process by filing these fake orders as he is well aware how to file a document as a motion or brief that does not purport to issue from a court."); *see also In re Campora*, Nos. 14-CV-5066 (JFB), 14-CV-7123 (JFB), 2015 WL 5178823, at *7–8 (E.D.N.Y. Sept. 3, 2015) (affirming the bankruptcy court's decision to strike the plaintiff's "writ of error" and "attornatus privatus" submissions); *James A. Williams Tr. v. United States*, No. 10-753T, 2011 WL 6888650, at *1 (Fed. Cl. Dec. 29, 2011) (rejecting plaintiff's "bizarre theor[y]" that "since a 'court of record' may be established by the sovereign," the plaintiff "is the sovereign who gets to decide how the 'court of record' functions."), *aff'd sub nom. Williams v. United States*, 548 F. App'x 618 (Fed. Cir. 2013). Further vexatious behavior will result in sanctions in accordance with applicable law, including but not limited to Rule 11 of the Federal Rules of Civil Procedure and Local Civil Rule 11.

Finally, in its Order Regarding Pending Motions, the Court cautioned Mr. Farson that any amended complaint needed to be filed within 21 days, i.e., no later than February 24, 2023. Dkt. No. 35 at 45. Mr. Farson did not file an amended complaint. He may therefore proceed only on the surviving portion of Count 4 (the Fourth Amendment excessive force claim against Officer Wells)—the lone cause of action that was not dismissed. *See* Dkt. No. 1-2 at 28–29; Dkt. No. 35 at 35–38. The Court will separately issue an initial scheduling order setting forth the Rule 26(f) conference deadline, Rule 26(a)(1) initial disclosure deadline, and Rule 26(f) combined joint status report and discovery plan deadline. Meanwhile, Mr. Farson is reminded that pro se litigants are subject to the same procedural requirements as other litigants. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules, *see Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023), as well as the Court's scheduling orders, *see Djitte v. Delta Global Serv.*, No. 2:19-CV-00480-RAJ, 2020 WL 13618119, at *1 (W.D. Wash. Apr. 2, 2020). Failure to do so may result in sanctions up to and including dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action).

Mr. Farson's motion for reconsideration, Dkt. No. 36 at 1–4, is DENIED, and his "order," *id.* at 5–6, is STRICKEN.

Dated this 27th day of February, 2023.

Lauren King  
United States District Judge