UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID MERRITT FARSON,<br><br>                     Plaintiff,<br>     v.<br><br>CITY OF LAKE STEVENS, et al.,<br><br>                    Defendants. | CASE NO. 22-CV-00405-LK<br><br>ORDER STRIKING FILINGS AND DIRECTING PLAINTIFF TO SHOW CAUSE |

      This matter comes before the Court on pro se Plaintiff David Merritt Farson's "2nd Writ of Error Quae Corum Nobis Residant and Notice to Clerk"; "Memorandum of Law Statutes/Codes/Regulations"; "Memorandum of Law the Rules of Common Law Courts"; "Memorandum of the Law of the Case"; and "Writ Quo Warranto." Dkt. Nos. 39–43. The "Writ of Error" purports to rescind the Court's February 27 and March 3, 2023 Orders and commands the Clerk of Court to "take notice" of several laws. *See* Dkt. No. 39 at 8–11. It also appears to advance several jurisdictional arguments that the Court has now repeatedly rejected, or to otherwise assert that the Court's previous orders are void. *See id.* at 2–8. The remainder of Mr. Farson's filings likewise challenge the Court's jurisdiction or assert sovereign citizen theories. As

recently explained, "[c]ourts have uniformly rejected arguments based on sovereign citizen theories." *Reum v. Washington*, No. 3:23-CV-05074-DGE, 2023 WL 1766376, at *2 (W.D. Wash. Feb. 3, 2023) (collecting cases).

The Court therefore STRIKES Mr. Farson's latest spate of "Attornatus Privatus" submissions as meritless and vexatious. Dkt. Nos. 39–43; *see, e.g.*, *Benson v. Nevada*, No. 2:17-CV-00447-RFB-NJK, 2017 WL 4776760, at *3 (D. Nev. Oct. 23, 2017).[1] The Court previously warned Mr. Farson that such behavior would result in sanctions "in accordance with applicable law, including but not limited to Rule 11 of the Federal Rules of Civil Procedure and Local Civil Rule 11." Dkt. No. 37 at 2. Mr. Farson is therefore directed to show cause, within 14 days, why he should not be sanctioned under those rules. *See* Fed. R. Civ. P. 11(c)(3). Should Mr. Farson (1) fail to timely respond or (2) respond by filing additional documents or motions related to his sovereign citizenship (including but not limited to the filings stricken in this Order), the Court will dismiss this case with prejudice.

Dated this 27th day of March, 2023.

Lauren King
United States District Judge

---

[1] Mr. Farson may not seek a writ of quo warranto, as the writ may be sought only by the United States—not a private individual. *See Allah v. Robinson*, No. C07-697-MJP, 2007 WL 2220258, at *2 (W.D. Wash. July 31, 2007).